UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERRILL J. VOLPICELLI,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:22-cv-00281-ART-CSD<br><br>ORDER |

Plaintiff Ferrill J. Volpicelli submitted a petition for declaratory judgment under 28 U.S.C. § 2202. (ECF No. 1-1). On June 21, 2023, this Court ordered Volpicelli to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before August 18, 2023. (ECF No. 5). The Court warned Volpicelli that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 2). That deadline expired and Volpicelli did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

I.　　DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

1    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
2    favoring disposition of cases on their merits; and (5) the availability of less drastic
3    alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
4    1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
5    Cir. 1987)).
6        The first two factors, the public's interest in expeditiously resolving this
7    litigation and the Court's interest in managing its docket, weigh in favor of
8    dismissal of Volpicelli's claims. The third factor, risk of prejudice to defendants,
9    also weighs in favor of dismissal because a presumption of injury arises from the
10   occurrence of unreasonable delay in filing a pleading ordered by the court or
11   prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
12   1976). The fourth factor—the public policy favoring disposition of cases on their
13   merits—is greatly outweighed by the factors favoring dismissal.
14       The fifth factor requires the Court to consider whether less drastic
15   alternatives can be used to correct the party's failure that brought about the
16   Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
17   992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
18   the party has disobeyed a court order does not satisfy this factor); *accord*
19   *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
20   "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
21   pursuit of less drastic alternatives prior to disobedience of the court's order as
22   satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
23   with the warning of dismissal for failure to comply[,]" have been "eroded" by
24   *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
25   dismissing a case, but must explore possible and meaningful alternatives."
26   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
27   cannot realistically proceed until and unless Volpicelli either files a fully complete
28   application to proceed *in forma pauperis* or pays the $402 filing fee for a civil

action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Volpicelli needs additional time or evidence that he did not receive the Court's order. Setting a second deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Volpicelli's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's June 21, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Volpicelli wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 12th day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE